UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE GEO GROUP, INC.,<br><br>                       Plaintiff,<br><br>v.<br><br>GAVIN C. NEWSOM, in his official capacity as Governor of the State of California; XAVIER BECERRA, in his official capacity as Attorney General of the State of California,<br><br>                       Defendants.<br><br>AND ALL CONSOLIDATED CASES | Case No.: 19-CV-2491 JLS (WVG)<br><br>**ORDER REQUESTING ADDITIONAL BRIEFING** |

Following the July 16, 2020 hearing in the consolidated cases, the Court feels that additional briefing in two discrete areas—*i.e.*, whether A.B. 32 is a direct regulation of the United States in violation of intergovernmental immunity and the Court's jurisdiction over Plaintiff The GEO Group, Inc.'s fourth cause of action—would be beneficial. As for intergovernmental immunity, the Court requests additional briefing on the following discrete issues: (1) on whom the legal incidence of A.B. 32 falls, (2) whether GEO (or any other private contractor with whom the Federal Government contracts for detention services) is a federal instrumentality, and (3) whether privately operated federal detention

1

facilities—whether privately or federally owned[1]—are federal installations. Regarding its jurisdiction, the Court requests further briefing as to whether GEO's fourth cause of action concerning the validity of its contracts under A.B. 32's safe harbor provision is subject to the Contract Disputes Act of 1978 and/or the Tucker Act of 1887.

Plaintiffs GEO and the United States of America each **MAY FILE** an additional brief, not to exceed <u>ten (10) pages</u>, addressing the above-enumerated issues on or before <u>July 28, 2020</u>; Defendants **MAY FILE** a response, not to exceed <u>ten (10) pages</u>, on or before <u>August 4, 2020</u>.  Absent further Order of the Court, no further briefing will be entertained.

**IT IS SO ORDERED.**

Dated:  July 21, 2020

Hon. Janis L. Sammartino
United States District Judge

---

[1] In lieu of briefing further issues related to federally owned but privately operated detention facilities, the Parties may file a formal stipulation that A.B. 32 does not apply to federally owned detention facilities.  The Court also invites the Parties to file a stipulation concerning the applicability of A.B. 32 to the Federal Bureau of Prisons' Residential Reentry Centers.